NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

YVETTE NICOLE SALAZAR, *Plaintiff/Appellee,*

*v.*

BRITTANY KREMER, *Defendant/Appellant.*

No. 1 CA-CV 25-0561

FILED 04-13-2026

Appeal from the Superior Court in Maricopa County
No. CV2025-014930
The Honorable Mary Collins Cronin, Judge, *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

The Turner Law Firm, Phoenix
By Kendall Pearce
*Counsel for Defendant/Appellant*

Yvette Nicole Salazar, Phoenix
*Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

---

**F U R U Y A**, Judge:

**¶1**	Brittany Kremer ("Kremer") appeals an injunction against harassment that prohibits her from contacting Yvette Salazar ("Mother") and Mother's three minor children, E.S., O.S., and L.S. For the following reasons, we affirm in part and vacate in part.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**	In April 2025, Mother filed a petition for an injunction against harassment on behalf of her children against her ex-husband's girlfriend and neighbor, Kremer. In the petition, Mother alleged Kremer harassed her children on three separate occasions: (1) on July 5, 2024, Kremer told some neighborhood children to burn E.S. with fireworks; (2) on November 3, 2024, Kremer allowed O.S. and L.S. to be around dogs, despite the two having severe allergies; and (3) on April 25, 2025, E.S. was left home alone for several hours because Kremer refused to let E.S. enter her home, and then Kremer later assaulted E.S.

**¶3**	The court granted the injunction in May 2025 and Kremer timely requested a contested hearing. After granting a continuance, the court held the hearing in June 2025 and found "by a preponderance of the evidence that [Kremer] has committed acts of harassment or may commit an act of harassment in the future."

**¶4**	Kremer timely appealed and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Sections 12-120.21(A)(1) and -2101(A)(5)(b).

## DISCUSSION

**¶5**	Kremer argues the court abused its discretion in upholding the injunction because there was insufficient evidence in the record to establish harassment against Mother's children. "We review orders

---

[1]	We view the facts in the light most favorable to upholding the court's decision. *Martinez v. Estes*, 258 Ariz. 354, 357 ¶ 7 (App. 2024).

granting injunctions against harassment for an abuse of discretion." *Martinez v. Estes*, 258 Ariz. 354, 357 ¶ 7 (App. 2024). A court abuses its discretion if the record "is devoid of competent evidence to support the decision[,]" *id.*, or if the court makes an error of law, *LaFaro v. Cahill*, 203 Ariz. 482, 485 ¶ 10 (App. 2002).

¶6        The court must grant an injunction against harassment if it "finds reasonable evidence of harassment of the plaintiff by the defendant during the year preceding the filing of the petition . . . ." A.R.S. § 12-1809(E). Harassment is defined as:

> A series of acts over any period of time that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person and serves no legitimate purpose.

A.R.S. § 12-1809(T)(1)(a). A "series of acts" requires at least two incidents. *LaFaro*, 203 Ariz. at 486 ¶ 14.

## I.        Sufficiency of the Evidence

¶7        Kremer argues there was insufficient evidence for the court to find by a preponderance of the evidence that the requirements for A.R.S. Section 12-1809(T) were met.[2] We address each argument in turn.

### A.        Fireworks Incident on July 5, 2024

¶8        Mother testified that on July 5, 2024, Kremer instructed several neighborhood boys to burn E.S. with fireworks, causing E.S. to cry. Kremer argues "[Mother's] testimony alone [was] not enough to overcome the testimony of both Kremer and her witness." Kremer further argues her conduct, as described in her testimony, does not satisfy A.R.S. Section 12-1809(T).

¶9        Kremer's argument is one of credibility. But we do not weigh evidence or assess credibility on appeal; rather, we defer to the superior court's determinations. *Vanwormer v. Lopez*, 259 Ariz. 87, 90 ¶ 9 (App. 2025) ("The trial court has the discretion to weigh and assess conflicting evidence and credibility, and this court defers to those determinations."). So,

---

[2]        Two of Kremer's arguments involve allegations that were not listed in Mother's petition. Because the court's findings included only the incidents listed in the petition, we need not address these arguments.

although Kremer presented conflicting evidence, it was the court's role to exercise its discretion and determine whose testimony was more credible. By continuing the injunction against harassment, the court implicitly found Mother's testimony more credible, and we will not disturb that finding on appeal.

### B.  Home Alone on April 25, 2025

**¶10**        Mother further testified that on April 25, 2025, Kremer did not allow E.S. to enter her house and both E.S. and O.S. were left at the ex-husband's house alone. Kremer contends the court abused its discretion by not admitting a door camera video that conflicted with Mother's testimony. But because we conclude this incident does not constitute harassment, we need not address the video argument.

**¶11**        A.R.S. Section 12-1809(T) requires the defendant's conduct be "directed at a specific person." In *LaFaro*, we concluded that a conversation between the defendant and a third party, during which the defendant referred to the plaintiff using slurs, was not directed at the plaintiff and thus could not constitute harassment. 203 Ariz. at 486 ¶ 13. Our conclusion was fact-specific, and we highlighted the parties' acknowledgment that they did not have direct contact or communication during this incident. *Id.* at 486 ¶ 13 n.3.

**¶12**        Here, there is no evidence that Kremer's conduct was directed at E.S. and O.S. Mother did not explicitly testify about any direct contact or communication Kremer had with the children during this incident, nor did her testimony provide sufficient details such that the court could have drawn a reasonable inference that Kremer's conduct was directed at the children. *Compare Martinez*, 258 Ariz. at 358 ¶ 14 (concluding series of acts requirement was not met because "Father did not provide clear testimony" of two separate events, so court "[didn't] know what happened exactly"). Thus, because the record is devoid of competent evidence to support a finding that Kremer's conduct in not allowing E.S. to enter her home or in leaving E.S. and O.S. alone was directed at E.S. and O.S., we cannot conclude this incident satisfies A.R.S. Section 12-1809(T). Although this issue was not raised in Kremer's brief, we exercise discretion in declining to apply waiver because minors are involved, *see In re E.C.*, ___ Ariz. ___, ___, 579 P.3d 452, 456 ¶ 17 (App. 2025) (declining to apply waiver in termination of parental rights case and reversing superior court's decision), and because the court erred by finding harassment when the record does not satisfy the statutory requirements, *Martinez*, 258 Ariz. at 357 ¶ 7 ("An

abuse of discretion occurs when the record . . . is devoid of competent evidence to support the decision." (citation modified)).

¶13            Further, because this incident does not constitute harassment, the only remaining incident involving O.S. is the dog allergy incident on November 3, 2024. But a single incident is insufficient to find harassment under A.R.S. Section 12-1809(T), *LaFaro*, 203 Ariz. at 486 ¶ 14, and thus, the court erred in continuing the injunction as to O.S.

### C.      Assault on April 25, 2025

¶14            Aside from the children being left home alone, Mother also testified that on April 25, 2025, Kremer "grabbed and shoved" E.S. Kremer argues Mother failed to prove this conduct occurred, but she again relies on the credibility of her own testimony. Thus, for the reasons explained above, Kremer has failed to show error as to this argument. *See Vanwormer*, 259 Ariz. at 90 ¶ 9 (stating our court defers to the trial court's determinations of credibility).

## II.      Harassment Against L.S.

¶15            Kremer argues Mother failed to allege or prove two or more acts of harassment against L.S., and thus L.S. should be removed from the injunction as a protected person. Mother does not specifically address this argument, but states generally that the court's findings "are supported by the transcript and should not be disturbed on appeal."

¶16            Of the three incidents listed in the petition, only the dog allergies incident on November 3, 2024 addresses Kremer's conduct towards L.S. At the hearing, Mother testified about L.S.'s dog allergies, but did not provide testimony or evidence of how Kremer's conduct on July 5, 2024, and April 25, 2025, was directed at L.S. *See* A.R.S. § 12-1809(T)(1)(a) (Harassment is defined as "[a] series of acts over any period of time that is *directed at a specific person* . . . .") (emphasis added); *see also LaFaro*, 203 Ariz. at 486 ¶ 13 (concluding defendant's conversation with a third party that plaintiff overheard did not constitute harassment). Rather, Mother's testimony of these two incidents described Kremer's conduct towards E.S.

¶17            Because the record shows that only one[3] of the three incidents involved L.S., Mother failed to establish a "series of acts," as required by

---

[3]      Although Kremer raised several arguments regarding the dog allergy incident, we need not address those because this incident by itself is

A.R.S. Section 12-1809(T). *LaFaro*, 203 Ariz. at 486 ¶ 14. Thus, the court erred in upholding the injunction against harassment as to L.S.

## CONCLUSION

**¶18** We affirm the injunction against harassment as to E.S. but vacate it as to O.S. and L.S.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR

---

insufficient to uphold the injunction as to O.S. and L.S., and the grabbing/shoving and firework incidents are sufficient to sustain the injunction as to E.S. *LaFaro*, 203 Ariz. at 486 ¶ 14.